Schwerin and Sumcad
84 West Santa Clara Street, Suite 550
San Jose, CA 95113
Telephone Number: 408-295-4232
FAX: 408-295-4771
Email: msumcad@ix.netcom.com
Millie Anne M.L. Sumcad (CA State Bar Number 127091)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C 07 03099 HRL

| | |
|---|---|
| Athar M. Mir | |
| Plaintiff, | COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS |
| v. | (Immigration Matter A#072 052 538) |
| Michael Chertoff, Secretary, DHS, | |
| Emilio T. Gonzales, USCIS Director, | |
| David Still, District Director USCIS San Francisco District Office, | |
| Francis Siciliano, Officer-in-Charge USCIS San Jose Sub-office, | |
| Alberto Gonzales, US Attorney General | |

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff by his attorney complaining of Defendants allege as follows:

INTRODUCTION

1. The Court has jurisdiction in this civil action pursuant to 8 U.S.C. § 1329, 28 USC § 1331 and 1361, 28 USC 1651 and 5 USC § 555 (b) and 701 et seq. to redress the deprivation of rights,

privileges and immunities secured to Plaintiff, by which statutes jurisdiction is conferred, to compel Defendants to perform a duty Defendants owe to Plaintiff.

2. This action is brought to compel Defendants and those acting under him to rule upon Plaintiff's application for US citizenship (Form N-400) as required by 8 USC § 1447, which requires Defendants to rule on Plaintiff's application within 120 days of Plaintiff's examination on his N-400 application which examination occurred on August 20, 2003.

## PARTIES

3. Plaintiff is a 31-year-old citizen of Afghanistan residing at 800 Hillside Ave Apt. #434, San Jose CA 95136, which is located in Santa Clara County and within the jurisdiction of this Court.

4. Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS). Defendant Emilio T. Gonzales is the Director of United States Citizenship and Immigration Services (USCIS). Defendant David Still is the District Director of the USCIS San Francisco District Office and Francis Siciliano is the Officer in Charge of the USCIS San Jose, CA sub-office. Defendant Alberto Gonzales is the Attorney General of the United States. All defendants are sued in their official capacities. Defendants are charged by law with the statutory obligation to adjudicate applications for United States citizenship (N-400) according to 8 USC § 1421, 1443, 1446.

## FACTS

5. On or about July 15, 2002, Plaintiff filed an application for United States citizenship (Form N-400) under 8 USC § 1445 with the Defendants. The application was mailed to the USCIS California Service Center in Laguna Niguel, California, which has jurisdiction over Plaintiff's residence and application.

6. On or about August 23, 2002, pursuant to Defendants instructions, Plaintiff presented himself at the USCIS Application Support Center located at 122 Charcot Ave, San Jose, CA 95131 for fingerprinting in order to commence Plaintiff's security background checks. Defendants obtained Plaintiff's biometric information (fingerprints) on August 23, 2002.

7. On or about August 20, 2003, Defendants conducted its examination of Plaintiff at the USCIS San Jose sub-office located at 1887 Monterey Road, San Jose CA 95112 pursuant to 8 USC §1443, 1446. The USCIS San Jose sub-office is charged with conducting examinations on all N-400 applications sent to its office by the USCIS California Service Center for applicants residing within its jurisdiction which includes the County of Santa Clara.

8. Based on information and belief, on August 20, 2003, Plaintiff was statutorily eligible for United States citizenship by successfully establishing that Plaintiff was at least 18 years old, a legal permanent resident of the United States for at least five years subsequent to obtaining legal permanent residency in the United States and during the five years immediately preceding the filing of the application was physically present for at least one-half that time and who resided for at least three months within the state where the application was filed. 8 USC § 1445(b), 1427(a)(1).

9. Further, based on information and belief, on August 20, 2003, Plaintiff was statutorily eligible for United States citizenship by successfully establishing that Plaintiff was and continues to be a person of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the United States. 8 USC § 1427(a)(3).

10. Further, based on information and belief, on August 20, 2003, Plaintiff was statutorily eligible for United States citizenship by successfully establishing that Plaintiff was not otherwise barred as a subversive (8 USC § 1424, 1427(f)), a Communist Party member (8 USC § 1424(d)), a deserter during war time (8 USC § 1425), was not in removal proceedings or had an outstanding order of deportation (8 USC § 1429) and never applied for or received relief from the Selective Service system (8 USC § 1426(a)).

11. Further, based on information and belief, on August 20, 2003, Plaintiff was statutorily eligible for United States citizenship because Plaintiff freely consented to bear arms on behalf of the United States, perform noncombatant service in the Armed Forces of the United States and perform work of national importance under civilian direction if required by law. 8 USC §1448(a), (b) (A)-(C).

COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS

12. Finally, based on information and belief, on August 20, 2003, Plaintiff was statutorily eligible for United States citizenship because Plaintiff passed the English and civics test.

13. At the conclusion of Plaintiff's examination, Defendants advised Plaintiff it could not render a decision on Plaintiff's application because his background check was not completed.

14. Based upon the latest edition of Defendants "U.S. Citizenship and Immigration Services San Jose CA Processing Dates" posted May 21, 2007, which is available to the public on Defendants web site (www.uscis.gov) and which lists the normal period prescribed by Defendants for ruling upon an application for United States citizenship (N-400), the normal period for adjudicating Plaintiff's application for US citizenship has long since passed. Defendants are processing N-400 application filed more than three years after Plaintiff's application was filed.

15. Plaintiff has sent numerous inquiries to the Defendants requesting the status of his application. One of Plaintiff's inquiries was coursed through the office of US Senator Barbara Boxer. On June 29, 2006, Defendants sent an electronic message to the office of Senator Boxer stating that Plaintiff's application was pending the FBI name check. More recently, on or about May 30, 2007, Plaintiff received a written response from Defendants stating that his case remained pending for background investigation. Neither response provided a date when Plaintiff could expect resolution of his application.

## CLAIMS

17. Defendants have unreasonably delayed their adjudication of Plaintiff's application for United States citizenship, thereby depriving him of the right to have his application adjudicated within the statutory period or even within a reasonable amount of time and the opportunity to become a United States citizen. Plaintiff is the only member of his family who is not a United States citizen.

18. Defendants' continued refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law and regulations.

19. Further, Defendants failure to make a determination within 120 days after the date of Plaintiff's examination is not in accordance with 8 USC § 1447.

COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS

20. Plaintiff has been greatly damaged by Defendants failure to act in accordance with their duties under the law and regulations. Plaintiff has been employed as a Community Service Officer for the Santa Cruz County Sheriff-Corner's office since June 4, 2006. Plaintiff has not been able to advance in his career in law enforcement because of his immigration status in spite of his bachelor's degree in Biological Science with second and third majors in Criminal Justice Administration and Biological Forensic Sciences from San Jose State University.

21. Defendants owe Plaintiff the duty to act upon his application for United States citizenship and by unlawfully withholding or unreasonably delaying action on the Plaintiff's application, they have failed to perform their adjudicative and administrative functions delegated to them by law.

22. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendants to perform their duty to rule upon Plaintiff's application for United States citizenship;

(2) Grant such other and further relief as to this Court seems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,

Dated: 6/13/07

Millie Anne M.L. Sumcad

COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS